# BLANKROME

One Logan Square
130 North 18th Street |Philadelphia, PA 19103-6998

*Phone:* (215) 569-5645
*Fax:* (215) 832-5645
*Email:* frank.dante@blankrome.com

June 28, 2022

**VIA ECF**

U.S. Magistrate Judge Sanket J. Bulsara
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: *Lau v. ZTE Corp., et al.*, No. 1:22-cv-01855

Dear Judge Bulsara:

    This firm represents Defendants ZTE (USA), Inc. ("ZTE (USA)") and ZTE (TX), Inc. ("ZTE (TX)") in the above-captioned matter. We write pursuant to Section II.A. of the Court's Individual Motion Practices and Rules to request an adjournment of the Initial Case Management Conference scheduled for July 28, 2022, at 2:30 p.m. (the "Conference"), until after resolution of forthcoming motions to dismiss Plaintiffs' Complaint.

    The Parties have met and conferred, and Plaintiffs agree that merits discovery, including the exchange of initial disclosures, should not commence until after the disposition of motions to dismiss. Plaintiffs do not consent, however, to an adjournment of the Conference until the motions to dismiss are resolved by the Court. The Conference should be adjourned pending the motions to dismiss for at least three reasons.

    First, as noted, Defendants will be filing motions to dismiss for lack of personal jurisdiction and failure to state a claim, pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). *See* Defendants' pre-motion conference request letter, ECF 30. An adjournment of the Conference would preserve judicial and party resources, as the Court's decision on the forthcoming motions to dismiss will likely affect the scope and schedule for the case.

    Second, Plaintiffs have not returned an executed summons for defendants ZTE Corporation, Huawei Technologies Co., Ltd., and Skycom Tech. Co., Ltd. Therefore, it would be premature and an inefficient use of Court and party resources to hold the Conference before all defendants are properly served with the Complaint.

    Lastly, adjournment of the Conference would be consistent with related and similar ATA

BLANKROME

Hon. Sanket J. Bulsara
June 28, 2022
Page 2

cases. Magistrate Judge Scanlon in *Zobay v. MTN Group Ltd., et al.*, No. 1:21-cv-3503-CBA-VMS (E.D.N.Y.)—a case Plaintiffs designated as related to *Lau*, and which, like this case, is also before Judge Amon and involves Defendants—adjourned the initial case management conference in that matter until after the disposition of motions to dismiss. *See* 1:21-cv-3503, at Sept. 28, 2021 Order Granting ECF No. 21. The same has occurred in other ATA cases pending in the Eastern District of New York, including *Bartlett v. Société Générale de Banque au Liban S.A.L., et al.*, No. 1:19-cv-00007-CBA-TAM (E.D.N.Y.), which is also before Judge Amon. *See* 1:19-cv-00007, at Oct. 8, 2019 Order Granting ECF No. 116. Plaintiffs' counsel also consented to such a request in another ATA case in the Southern District of New York. *See Brown v. National Bank of Pakistan*, No. 1:19-cv-11876-AKH (S.D.N.Y.), at ECF No. 44. Indeed, adjournment of initial case management conferences has essentially become standard practice in ATA cases like this one.

      For all of these reasons, Defendants respectfully request an adjournment of the Conference until after motions to dismiss are resolved.

Respectfully submitted,

*/s/ Frank A. Dante*
FRANK A. DANTE

cc:   All counsel of record (via ECF)